E-FILED  2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY

| | |
|---|---|
| NANCY HAYES, Personal Representative of the Estate of John Hayes, Deceased | |
| Plaintiff, | No. |
| vs. | *PLAINTIFF DEMANDS TRIAL BY JURY* |
| DIANA M. SANTIAGO, DURHAM SCHOOL SERVICES, LP, and NATIONAL EXPRESS, LLC | |
| Defendants. | |

## COMPLAINT AT LAW

Plaintiff, NANCY HAYES, as Personal Representative of the Estate of John Hayes, by and through her attorneys, DUNCAN LAW GROUP, LLC, and CHURCHILL & CHURCHILL, P.C., for her Complaint against Defendants, DIANA M. SANTIAGO, DURHAM SCHOOL SERVICES, LP, and NATIONAL EXPRESS, LLC and each of them, states the following:

## FACTS COMMON TO ALL COUNTS

1.      Defendant, DURHAM SCHOOL SERVICES, LP, was a Delaware Limited Partnership, licensed to do business in the State of Iowa.

2.      Defendant, NATIONAL EXPRESS, LLC, was a Delaware Limited Liability Company, licensed to do business in the State of Iowa.

3.      On and before August 14, 2024, Devil's Glen Road was a four-lane street at or near its intersection with Tanglefoot Lane in the City of Bettendorf, County of Scott, State of Iowa, generally running north and south with two through-lanes in each direction plus a left turning lane in each direction at the intersection.

**Exhibit A-1**

E-FILED  2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

4. On August 14, 2024, at approximately 9:22 a.m., Defendant DIANA M. SANTIAGO was operating a school bus southbound on Devil's Glen Road at or near its intersection with Tanglefoot Lane in the City of Bettendorf, County of Scott, State of Iowa.

5. At the aforesaid time and location, Plaintiff's Decedent, JOHN HAYES, was a pedestrian walking southbound on the east side of Devil's Glen Road, approaching its intersection with Tanglefoot Lane.

6. At the time he began crossing Tanglefoot Lane, Plaintiff's Decedent, JOHN HAYES, entered the crosswalk as a pedestrian with a green traffic light for his direction of travel.

7. At the time he began crossing Tanglefoot Lane, Plaintiff's Decedent, JOHN HAYES, entered the crosswalk as a pedestrian with a walk signal for his direction of travel.

8. At the time he began crossing Tanglefoot Lane, Plaintiff's Decedent, JOHN HAYES, entered the crosswalk as a pedestrian and had the right of way.

9. Plaintiff's Decedent, JOHN HAYES, entered the crosswalk approximately seven seconds before the bus operated by Defendant DIANA M. SANTIAGO entered the intersection.

10. At the aforesaid time and location, as the bus operated by Defendant DIANA M. SANTIAGO approached the intersection in a southerly direction, there were no obstructions between the bus and Plaintiff's Decedent, JOHN HAYES.

11. Plaintiff's Decedent, JOHN HAYES, was walking southbound crossing Tanglefoot Lane in a marked crosswalk when the bus operated by Defendant DIANA M. SANTIAGO entered the intersection.

12. Plaintiff's Decedent, JOHN HAYES, was approximately half-way across Tanglefoot Lane when the bus operated by Defendant DIANA M. SANTIAGO entered the intersection.

**Exhibit A-2**

E-FILED 2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

13. At the aforesaid time and location, Defendant DIANA M. SANTIAGO, initiated a left turn onto eastbound Tanglefoot Lane.

14. At the aforesaid time and location, Defendant DIANA M. SANTIAGO, turned left directly into the path of Plaintiff's Decedent, JOHN HAYES, a pedestrian.

15. At the aforesaid time and location, the bus operated by Defendant DIANA M. SANTIAGO, struck Plaintiff's Decedent, JOHN HAYES, a pedestrian.

16. Plaintiff's Decedent, JOHN HAYES, a pedestrian, was walking within a marked crosswalk at the time he was struck by the school bus operated by Defendant DIANA M. SANTIAGO.

17. The traffic light was green in the direction of travel of Plaintiff's Decedent, JOHN HAYES, at the time he was struck by the school bus operated by Defendant DIANA M. SANTIAGO.

18. The pedestrian walk signal was illuminated in the direction of travel of Plaintiff's Decedent, JOHN HAYES, at the time when he was struck by the school bus operated by Defendant DIANA M. SANTIAGO.

19. While being tended to by paramedics at the scene of the subject accident, Plaintiff's Decedent, JOHN HAYES, moved his right arm towards his mouth in response to tubes being forced down his throat.

20. Defendant DIANA M. SANTIAGO submitted to a post-accident urine toxicology screening on the date of loss, August 14, 2024.

21. Defendant DIANA M. SANTIAGO provided a urine sample at approximately 10:31am on August 14, 2024, less than 75 minutes after the subject accident.

**Exhibit A-3**

E-FILED 2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

22.    The urine sample submitted by Defendant DIANA M. SANTIAGO on August 14, 2024, tested positive for Cocaine metabolites (5,000 ng/mL).

23.    The urine sample submitted by Defendant DIANA M. SANTIAGO on August 14, 2024, tested positive for Marijuana metabolites (233 ng/mL).

24.    Defendant DIANA M. SANTIAGO ingested and/or used Cocaine within 24 hours prior to the subject accident on August 14, 2024.

25.    Defendant DIANA M. SANTIAGO ingested and/or used Marijuana within 24 hours prior to the subject accident on August 14, 2024.

26.    Defendant, DIANA M. SANTIAGO, was impaired at the time the school bus she was operating struck Plaintiff's Decedent, JOHN HAYES.

## COUNT I – WRONGFUL DEATH (NEGLIGENCE) –DIANA M. SANTIAGO

27.    Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, repeats and realleges the allegations of paragraphs 1 through 26, inclusive, as if fully set forth herein.

28.    At all times relevant hereto, Defendant DIANA M. SANTIAGO owed a duty to exercise ordinary care and caution in the operation, management, maintenance and control of the school bus she was operating so as not to cause injury or damage to Plaintiff's Decedent, JOHN HAYES.

29.    Notwithstanding her duty, Defendant DIANA M. SANTIAGO was then and there negligent in one or more of the following respects:

a.    Failed to yield the right of way to a pedestrian in a marked crosswalk; or

b.    Turned left before it was reasonably safe to do so; or,

c.    Operated her vehicle at a speed greater than reasonable, in violation of Iowa Code Section 321.285; or,

**Exhibit A-4**

E-FILED  2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

d.   Failed to keep her vehicle under proper control, in violation of Iowa Code Section 321.288; or,

e.   Failed to reduce her speed to avoid an accident, in violation of Iowa Code Section 321.285; or,

f.   Operated her vehicle while impaired from narcotics or other intoxicating substances, in violation of Iowa Code Section 321J.2; or,

g.   Operated her vehicle without adequate brakes, in violation of Iowa Code Section 321.430; or,

h.   Operated her vehicle while overly fatigued; or,

i.   Failed to keep a proper lookout; or,

j.   Was otherwise careless and negligent.

30.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant DIANA M. SANTIAGO, Plaintiff's Decedent, JOHN HAYES, sustained serious and permanent personal injuries resulting in his death.

31.    This claim is authorized by Iowa Code Section 633.336

WHEREFORE, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant DIANA M. SANTIAGO in an amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County.

## COUNT II – SURVIVAL (NEGLIGENCE) – DIANA M. SANTIAGO

32.    Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, repeats and realleges the allegations of paragraphs 1 through 26, inclusive, as if fully set forth herein.

33.    At all times relevant hereto, Defendant DIANA M. SANTIAGO owed a duty to exercise ordinary care and caution in the operation, management, maintenance and control of the

**Exhibit A-5**

E-FILED  2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

school bus she was operating so as not to cause injury or damage to Plaintiff's Decedent, JOHN HAYES.

34.    Notwithstanding her duty, Defendant DIANA M. SANTIAGO was then and there negligent in one or more of the following respects:

   a.  Failed to yield the right of way to a pedestrian in a marked crosswalk; or

   b.  Turned left before it was reasonably safe to do so;

   c.  Operated her vehicle at a speed greater than reasonable, in violation of Iowa Code Section 321.285; or,

   d.  Failed to keep her vehicle under proper control, in violation of Iowa Code Section 321.288; or,

   e.  Failed to reduce her speed to avoid an accident, in violation of Iowa Code Section 321.285; or,

   f.  Operated her vehicle while impaired from narcotics or other intoxicating substances, in violation of Iowa Code Section 321J.2; or,

   g.  Operated her vehicle without adequate brakes, in violation of Iowa Code Section 321.430; or,

   h.  Operated her vehicle while overly fatigued; or,

   i.  Failed to keep a proper lookout; or,

   j.  Was otherwise careless and negligent.

35.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant DIANA M. SANTIAGO, Plaintiff's Decedent, JOHN HAYES, sustained serious and permanent personal injuries resulting in his death, and experienced conscious pain and suffering prior to his death.

36.    This claim is authorized by Iowa Code Section 611.20

**Exhibit A-6**

E-FILED  2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

WHEREFORE, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant DIANA M. SANTIAGO in an amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County.

## COUNT III – WRONGFUL DEATH (WILLFUL & WANTON) – DIANA M. SANTIAGO

37.     Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, repeats and realleges the allegations of paragraphs 1 through 26, inclusive, as if fully set forth herein.

38.     At all times relevant hereto, Defendant DIANA M. SANTIAGO owed a duty to exercise ordinary care and caution in the operation, management, maintenance and control of the school bus she was operating so as not to cause injury or damage to Plaintiff's Decedent, JOHN HAYES.

39.     Notwithstanding her duty, Defendant DIANA M. SANTIAGO was then and there willful and wanton in one or more of the following respects:

   a.  Knowingly and willfully operated her vehicle while impaired from narcotics or other intoxicating substances, in violation of Iowa Code Section 321J.2; or,

   b.  Knowingly and willfully consumed narcotics or other intoxicating substances and became impaired, and operated the school bus in a reckless, wanton and grossly negligent manner, so as to inflict serious injury and death; or,

   c.  Was otherwise willful, wanton and grossly negligent in the operation of her vehicle.

40.     As a direct and proximate result of one or more of the foregoing willful, wanton and grossly negligent acts and/or omissions of Defendant DIANA M. SANTIAGO, Plaintiff's Decedent, JOHN HAYES, sustained serious and permanent personal injuries resulting in his death.

41.     Accordingly, in addition to actual damages, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, is entitled to an award of exemplary

**Exhibit A-7**

damages because of the willful, wanton and grossly negligent conduct of Defendant DIANA M. SANTIAGO.

42.    This claim is authorized by Iowa Code Section 633.336

WHEREFORE, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant DIANA M. SANTIAGO in an amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County.

## COUNT IV – LOSS OF CONSORTIUM – DIANA M. SANTIAGO

43.    Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, repeats and realleges the allegations of paragraphs 1 through 42, inclusive, as if fully set forth herein.

44.    At the time of his death, Plaintiff's Decedent, JOHN HAYES, was married to NANCY HAYES.

45.    At the time of his death, Plaintiff's Decedent, JOHN HAYES, had two adult children, Sarah McMahon and JD Hayes.

46.    As a result of JOHN HAYES' death, his wife, NANCY HAYES, suffered a loss of spousal consortium, including the benefits of companionship, cooperation, affection and aid in the marital relationship.

47.    As a result of JOHN HAYES' death, his adult children, as aforenamed, suffered a loss of parental consortium, including the benefits of companionship, comfort, guidance, affection and aid in the parental relationship.

48.    This claim is authorized by Iowa Code Section 613.13

WHEREFORE, Plaintiff, NANCY HAYES, as Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant DIANA M. SANTIAGO in an

**Exhibit A-8**

E-FILED 2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County.

## COUNT V – WRONGFUL DEATH (NEGLIGENCE, RESPONDEAT SUPERIOR) – DURHAM SCHOOL SERVICES, LP

49.     Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, repeats and realleges the allegations of paragraphs 1 through 26, inclusive, as if fully set forth herein.

50.     At all times mentioned herein, Defendant DIANA M. SANTIAGO was the agent and/or employee of Defendant DURHAM SCHOOL SERVICES, LP.

51.     At all times mentioned herein, Defendant DIANA M. SANTIAGO was acting within the scope of her agency and/or employment with Defendant DURHAM SCHOOL SERVICES, LP.

52.     At all times relevant hereto, Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant DURHAM SCHOOL SERVICES, owed a duty to exercise ordinary care and caution in the operation, management, maintenance and control of the school bus she was operating so as not to cause injury or damage to Plaintiff's Decedent, JOHN HAYES.

53.     Notwithstanding her duty, Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant DURHAM SCHOOL SERVICES, LP, was then and there negligent in one or more of the following respects:

      a.  Failed to yield the right of way to a pedestrian in a marked crosswalk; or

      b.  Turned left before it was reasonably safe to do so; or,

      c.  Operated her vehicle at a speed greater than reasonable, in violation of Iowa Code Section 321.285; or,

      d.  Failed to keep her vehicle under proper control, in violation of Iowa Code Section 321.288; or,

**Exhibit A-9**

E-FILED  2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

e.  Failed to reduce her speed to avoid an accident, in violation of Iowa Code Section 321.285; or,

f.  Operated her vehicle while impaired from narcotics or other intoxicating substances, in violation of Iowa Code Section 321J.2; or,

g.  Operated her vehicle without adequate brakes, in violation of Iowa Code Section 321.430; or,

h.  Operated her vehicle while overly fatigued; or,

i.  Failed to keep a proper lookout; or,

j.  Was otherwise careless and negligent.

54.  As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant DURHAM SCHOOL SERVICES, LP, Plaintiff's Decedent, JOHN HAYES, sustained serious and permanent personal injuries resulting in his death.

55.  This claim is authorized by Iowa Code Section 633.336

WHEREFORE, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant DURHAM SCHOOL SERVICES, LP in an amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County.

### COUNT VI – SURVIVAL (NEGLIGENCE, RESPONDEAT SUPERIOR) – DURHAM SCHOOL SERVICES, LP

56.  Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, repeats and realleges the allegations of paragraphs 1 through 26, inclusive, as if fully set forth herein.

57.  At all times mentioned herein, Defendant DIANA M. SANTIAGO was the agent and/or employee of Defendant DURHAM SCHOOL SERVICES, LP.

**Exhibit A-10**

E-FILED  2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

58.    At all times mentioned herein, Defendant DIANA M. SANTIAGO was acting within the scope of her agency and/or employment with Defendant DURHAM SCHOOL SERVICES, LP.

59.    At all times relevant hereto, Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant DURHAM SCHOOL SERVICES, owed a duty to exercise ordinary care and caution in the operation, management, maintenance and control of the school bus she was operating so as not to cause injury or damage to Plaintiff's Decedent, JOHN HAYES.

60.    Notwithstanding her duty, Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant DURHAM SCHOOL SERVICES, LP, was then and there negligent in one or more of the following respects:

    a.  Failed to yield the right of way to a pedestrian in a marked crosswalk; or

    b.  Turned left before it was reasonably safe to do so;

    c.  Operated her vehicle at a speed greater than reasonable, in violation of Iowa Code Section 321.285; or,

    d.  Failed to keep her vehicle under proper control, in violation of Iowa Code Section 321.288; or,

    e.  Failed to reduce her speed to avoid an accident, in violation of Iowa Code Section 321.285; or,

    f.  Operated her vehicle while impaired from narcotics or other intoxicating substances, in violation of Iowa Code Section 321J.2; or,

    g.  Operated her vehicle without adequate brakes, in violation of Iowa Code Section 321.430; or,

    h.  Operated her vehicle while overly fatigued; or,

    i.  Failed to keep a proper lookout; or,

    j.  Was otherwise careless and negligent.

**Exhibit A-11**

E-FILED  2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

61.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant DURHAM SCHOOL SERVICES, LP, Plaintiff's Decedent, JOHN HAYES, sustained serious and permanent personal injuries resulting in his death, and experienced conscious pain and suffering prior to his death.

62.     This claim is authorized by Iowa Code Section 611.20

WHEREFORE, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant DURHAM SCHOOL SERVICES, LP in an amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County

### COUNT VII – WRONGFUL DEATH (WILLFUL & WANTON) – DURHAM SCHOOL SERVICES, LP

63.     On and before August 14, 2024, Defendant DURHAM SCHOOL SERVICES, LP hired Defendant DIANA M. SANTIAGO to be a school bus driver to transport minor children to and from school.

64.     Before Defendant DIANA M. SANTIAGO was hired by Defendant DURHAM SCHOOL SERVICES, LP, she had been convicted of a felony for possession of narcotics.

65.     Before Defendant DIANA M. SANTIAGO was hired by Defendant DURHAM SCHOOL SERVICES, LP, she had been convicted of driving under the influence of alcohol.

66.     Before Defendant DIANA M. SANTIAGO was hired by Defendant DURHAM SCHOOL SERVICES, LP, she had been convicted of driving 40 mph or more over the speed limit.

67.     Before Defendant DIANA M. SANTIAGO was hired by Defendant DURHAM SCHOOL SERVICES, LP, she had been convicted of driving on a suspended license.

**Exhibit A-12**

E-FILED 2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

68.    Before Defendant DIANA M. SANTIAGO was hired by Defendant DURHAM SCHOOL SERVICES, LP, she had been convicted of driving with an open container of alcohol.

69.    At the time DURHAM SCHOOL SERVICES, LP, hired defendant DIANA M. SANTIAGO, her criminal and traffic records were available to Defendant, DURHAM SCHOOL SERVICES, LP.

70.    At the time DURHAM SCHOOL SERVICES, LP, hired defendant DIANA M. SANTIAGO, her employment history was available to Defendant DURHAM SCHOOL SERVICES, LP.

71.    On and before August 14, 2024, Defendant DURHAM SCHOOL SERVICES, LP monitored school bus drivers, including Defendant DIANA M. SANTIAGO, using an onboard monitoring system referred to as "DriveCam"

72.    On and before August 14, 2024, the "DriveCam" monitoring system was designed to capture and preserve video clips of risky driving behavior while school bus drivers, including Defendant DIANA M. SANTIAGO, were operating a school bus.

73.    On and before August 14, 2024, when "DriveCam" captured and preserved video clips of risky driving behavior, the offending driver would be trained/retrained on safe driving practices.

74.    Before August 14, 2024, the "DriveCam" monitoring system utilized by Defendant DURHAM SCHOOL SERVICES, LP captured and preserved at least 37 video clips of risky driving behavior by Defendant DIANA M. SANTIAGO, from October 4, 2023 through July 4, 2024.

**Exhibit A-13**

E-FILED 2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

75.    On August 14, 2024, the "DriveCam" monitoring system utilized by Defendant DURHAM SCHOOL SERVICES, LP captured 11 video clips of risky driving behavior by Defendant DIANA M. SANTIAGO.

76.    At all times relevant hereto, Defendant DURHAM SCHOOL SERVICES, LP owed a duty to exercise ordinary care and caution in the hiring, employment and/or retention of school bus drivers so as not to cause injury or damage to Plaintiff's Decedent, JOHN HAYES.

77.    Notwithstanding its duty, Defendant DURHAM SCHOOL SERVICES, LP was then and there willful and wanton in one or more of the following respects:

   a. Knowingly and willfully hiring Defendant DIANA M. SANTIAGO to drive a school bus to transport minor children to and from school, despite her felony conviction for possession of narcotics; or

   b. Knowingly and willfully hiring Defendant DIANA M. SANTIAGO to drive a school bus to transport minor children to and from school, despite her driving record; or

   c. Knowingly and willfully hiring Defendant DIANA M. SANTIAGO to drive a school bus to transport minor children to and from school, despite her failure to truthfully disclose her prior places of employment; or

   d. Knowingly and willfully allowing Defendant DIANA M. SANTIAGO to drive a school bus despite repeated instances of on-the-job risky driving behavior; and

   e. Knowingly and willfully failing to train or retrain Defendant DIANA M. SANTIAGO despite repeated instances of on-the-job risky driving behavior.

78.    As a direct and proximate result of one or more of the foregoing willful, wanton and grossly negligent acts and/or omissions of Defendant DURHAM SCHOOL SERVICES, LP, Plaintiff's Decedent, JOHN HAYES, sustained serious and permanent personal injuries resulting in his death.

79.    Accordingly, in addition to actual damages, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, is entitled to an award of exemplary

**Exhibit A-14**

E-FILED 2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

damages because of the willful, wanton and grossly negligent conduct of Defendant DURHAM SCHOOL SERVICES, LP.

80.    This claim is authorized by Iowa Code Section 633.336

WHEREFORE, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant DURHAM SCHOOL SERVICES, LP in an amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County.

### COUNT VIII – LOSS OF CONSORTIUM – DURHAM SCHOOL SERVICES, LP

81.    Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, repeats and realleges the allegations of paragraphs 1 through 26, inclusive, and paragraphs 49-80, inclusive, as if fully set forth herein.

82.    At the time of his death, Plaintiff's Decedent, JOHN HAYES, was married to NANCY HAYES.

83.    At the time of his death, Plaintiff's Decedent, JOHN HAYES, had two adult children, Sarah McMahon and JD Hayes.

84.    As a result of JOHN HAYES' death, his wife, NANCY HAYES, suffered a loss of spousal consortium, including the benefits of companionship, cooperation, affection and aid in the marital relationship.

85.    As a result of JOHN HAYES' death, his adult children, as aforenamed, suffered a loss of parental consortium, including the benefits of companionship, comfort, guidance, affection and aid in the parental relationship.

86.    This claim is authorized by Iowa Code Section 613.13

WHEREFORE, Plaintiff, NANCY HAYES, as Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant DURHAM SCHOOL

**Exhibit A-15**

E-FILED 2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

SERVICES, LP in an amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County.

### COUNT IX – WRONGFUL DEATH (NEGLIGENCE, RESPONDEAT SUPERIOR) – NATIONAL EXPRESS, LLC.

87.     Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, repeats and realleges the allegations of paragraphs 1 through 26, inclusive, as if fully set forth herein.

88.     At all times mentioned herein, Defendant DIANA M. SANTIAGO was the agent and/or employee of Defendant NATIONAL EXPRESS, LLC.

89.     At all times mentioned herein, Defendant DIANA M. SANTIAGO was acting within the scope of her agency and/or employment with Defendant NATIONAL EXPRESS, LLC.

90.     At all times relevant hereto, Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant NATIONAL EXPRESS, LLC, owed a duty to exercise ordinary care and caution in the operation, management, maintenance and control of the school bus she was operating so as not to cause injury or damage to Plaintiff's Decedent, JOHN HAYES.

91.     Notwithstanding her duty, Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant NATIONAL EXPRESS, LLC, was then and there negligent in one or more of the following respects:

    a.   Failed to yield the right of way to a pedestrian in a marked crosswalk; or

    b.   Turned left before it was reasonably safe to do so; or,

    c.   Operated her vehicle at a speed greater than reasonable, in violation of Iowa Code Section 321.285; or,

    d.   Failed to keep her vehicle under proper control, in violation of Iowa Code Section 321.288; or,

    e.   Failed to reduce her speed to avoid an accident, in violation of Iowa Code Section 321.285; or,

**Exhibit A-16**

E-FILED 2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

    f.    Operated her vehicle while impaired from narcotics or other intoxicating substances, in violation of Iowa Code Section 321J.2; or,

    g.    Operated her vehicle without adequate brakes, in violation of Iowa Code Section 321.430; or,

    h.    Operated her vehicle while overly fatigued; or,

    i.    Failed to keep a proper lookout; or,

    j.    Was otherwise careless and negligent.

92.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant NATIONAL EXPRESS, LLC, Plaintiff's Decedent, JOHN HAYES, sustained serious and permanent personal injuries resulting in his death.

93.    This claim is authorized by Iowa Code Section 633.336

WHEREFORE, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant NATIONAL EXPRESS, LLC in an amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County.

## COUNT X – SURVIVAL (NEGLIGENCE, RESPONDEAT SUPERIOR) – NATIONAL EXPRESS, LLC.

94.    Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, repeats and realleges the allegations of paragraphs 1 through 26, inclusive, as if fully set forth herein.

95.    At all times mentioned herein, Defendant DIANA M. SANTIAGO was the agent and/or employee of Defendant NATIONAL EXPRESS, LLC.

96.    At all times mentioned herein, Defendant DIANA M. SANTIAGO was acting within the scope of her agency and/or employment with Defendant NATIONAL EXPRESS, LLC.

**Exhibit A-17**

E-FILED 2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

97.    At all times relevant hereto, Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant NATIONAL EXPRESS, LLC, owed a duty to exercise ordinary care and caution in the operation, management, maintenance and control of the school bus she was operating so as not to cause injury or damage to Plaintiff's Decedent, JOHN HAYES.

98.    Notwithstanding her duty, Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant NATIONAL EXPRESS, LLC, was then and there negligent in one or more of the following respects:

    a.    Failed to yield the right of way to a pedestrian in a marked crosswalk; or

    b.    Turned left before it was reasonably safe to do so; or

    c.    Operated her vehicle at a speed greater than reasonable, in violation of Iowa Code Section 321.285; or,

    d.    Failed to keep her vehicle under proper control, in violation of Iowa Code Section 321.288; or,

    e.    Failed to reduce her speed to avoid an accident, in violation of Iowa Code Section 321.285; or,

    f.    Operated her vehicle while impaired from narcotics or other intoxicating substances, in violation of Iowa Code Section 321J.2; or,

    g.    Operated her vehicle without adequate brakes, in violation of Iowa Code Section 321.430; or,

    h.    Operated her vehicle while overly fatigued; or,

    i.    Failed to keep a proper lookout; or,

    j.    Was otherwise careless and negligent.

99.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant NATIONAL EXPRESS, LLC, Plaintiff's Decedent, JOHN HAYES, sustained serious

**Exhibit A-18**

E-FILED  2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

and permanent personal injuries resulting in his death, and experienced conscious pain and suffering prior to his death.

100.    This claim is authorized by Iowa Code Section 611.20

WHEREFORE, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant NATIONAL EXPRESS, LLC in an amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County.

## COUNT XI – WRONGFUL DEATH (WILLFUL & WANTON) –  NATIONAL EXPRESS, LLC

101.    On and before August 14, 2024, Defendant NATIONAL EXPRESS, LLC hired Defendant DIANA M. SANTIAGO to be a school bus driver to transport minor children to and from school.

102.    Before Defendant DIANA M. SANTIAGO was hired by Defendant NATIONAL EXPRESS, LLC, she had been convicted of a felony for possession of narcotics.

103.    Before Defendant DIANA M. SANTIAGO was hired by Defendant NATIONAL EXPRESS, LLC, she had been convicted of driving under the influence of alcohol.

104.    Before Defendant DIANA M. SANTIAGO was hired by Defendant NATIONAL EXPRESS, LLC, she had been convicted of driving 40 mph or more over the speed limit.

105.    Before Defendant DIANA M. SANTIAGO was hired by Defendant NATIONAL EXPRESS, LLC, she had been convicted of driving on a suspended license.

106.    Before Defendant DIANA M. SANTIAGO was hired by Defendant NATIONAL EXPRESS, LLC, she had been convicted of driving with an open container of alcohol.

**Exhibit A-19**

E-FILED 2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

107.    At the time Defendant, NATIONAL EXPRESS, LLC, hired defendant DIANA M. SANTIAGO, her criminal and traffic records were available to Defendant, NATIONAL EXPRESS, LLC.

108.    At the time Defendant, NATIONAL EXPRESS, LLC, hired defendant DIANA M. SANTIAGO, her employment history was available to Defendant NATIONAL EXPRESS, LLC.

109.    On and before August 14, 2024, Defendant NATIONAL EXPRESS, LLC monitored school bus drivers, including Defendant DIANA M. SANTIAGO, using an onboard monitoring system referred to as "DriveCam"

110.    On and before August 14, 2024, the "DriveCam" monitoring system was designed to capture and preserve video clips of risky driving behavior while school bus drivers, including DIANA M. SANTIAGO, were operating a school bus.

111.    On and before August 14, 2024, when "DriveCam" captured and preserved video clips of risky driving behavior, the offending driver would be trained/retrained on safe driving practices.

112.    Before August 14, 2024, the "DriveCam" monitoring system utilized by Defendant NATIONAL EXPRESS, LLC captured and preserved at least 37 video clips of risky driving behavior by Defendant DIANA M. SANTIAGO, from October 4, 2023 through July 4, 2024.

113.    On August 14, 2024, the "DriveCam" monitoring system utilized by Defendant NATIONAL EXPRESS, LLC captured 11 video clips of risky driving behavior by Defendant DIANA M. SANTIAGO.

114.    At all times relevant hereto, Defendant NATIONAL EXPRESS, LLC owed a duty to exercise ordinary care and caution in the hiring, employment and/or retention of school bus drivers so as not to cause injury or damage to Plaintiff's Decedent, JOHN HAYES.

**Exhibit A-20**

E-FILED  2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

115.    Notwithstanding its duty, Defendant NATIONAL EXPRESS, LLC was then and there willful and wanton in one or more of the following respects:

a.    Knowingly and willfully hiring Defendant DIANA M. SANTIAGO to drive a school bus to transport minor children to and from school, despite her felony conviction for possession of narcotics; or

b.    Knowingly and willfully hiring Defendant DIANA M. SANTIAGO to drive a school bus to transport minor children to and from school, despite her driving record; or

c.    Knowingly and willfully hiring Defendant DIANA M. SANTIAGO to drive a school bus to transport minor children to and from school, despite her failure to truthfully disclose her prior places of employment; or

d.    Knowingly and willfully allowing Defendant DIANA M. SANTIAGO to drive a school bus despite repeated instances of on-the-job risky driving behavior; and

e.    Knowingly and willfully failing to train or retrain Defendant DIANA M. SANTIAGO despite repeated instances of on-the-job risky driving behavior.

116.    As a direct and proximate result of one or more of the foregoing willful, wanton and grossly negligent acts and/or omissions of Defendant NATIONAL EXPRESS, LLC, Plaintiff's Decedent, JOHN HAYES, sustained serious and permanent personal injuries resulting in his death.

117.    Accordingly, in addition to actual damages, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, is entitled to an award of exemplary damages because of the willful, wanton and grossly negligent conduct of Defendant NATIONAL EXPRESS, LLC.

118.    This claim is authorized by Iowa Code Section 633.336

WHEREFORE, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant NATIONAL EXPRESS, LLC

Exhibit A-21

E-FILED 2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

in an amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County.

### COUNT XII – LOSS OF CONSORTIUM – NATIONAL EXPRESS, LLC

119.    Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, repeats and realleges the allegations of paragraphs 1 through 26, inclusive, and paragraphs 87-118, inclusive, as if fully set forth herein.

120.    At the time of his death, Plaintiff's Decedent, JOHN HAYES, was married to NANCY HAYES.

121.    At the time of his death, Plaintiff's Decedent, JOHN HAYES, had two adult children, Sarah McMahon and JD Hayes.

122.    As a result of JOHN HAYES' death, his wife, NANCY HAYES, suffered a loss of spousal consortium, including the benefits of companionship, cooperation, affection and aid in the marital relationship.

123.    As a result of JOHN HAYES' death, his adult children, as aforenamed, suffered a loss of parental consortium, including the benefits of companionship, comfort, guidance, affection and aid in the parental relationship.

124.    This claim is authorized by Iowa Code Section 613.13

WHEREFORE, Plaintiff, NANCY HAYES, as Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant NATIONAL EXPRESS, LLC in an amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County.

### JURY DEMAND

Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, by and through his attorneys, demands a jury trial.

**Exhibit A-22**

E-FILED  2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

Respectfully submitted,

**Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased**


By:      /s/ *Mark D Churchill*
         Mark D. Churchill
         PIN #AT0011272
         **CHURCHILL & CHURCHILL, P.C.**
         1610 Fifth Avenue
         Moline, IL 61265
         Phone: (309) 762-3643
         Fax: (309) 762-4690
         Email: mchurchill@churchillfirm.com

         And for

         *Robert R. Duncan (IL Bar No. 6277407)
         *David C. Flosi (IL Bar No.6281399)
         **DUNCAN LAW GROUP, LLC**
         161 N. Clark, Suite 2550
         Chicago, IL 60601
         Phone: (312) 202-3283
         Fax: (312) 202-3284
         Email: rrd@duncanlawgroup.com
               dcf@duncanlawgroup.com
         *Seeking admittance pro hac vice

**Exhibit A-23**

E-FILED  2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY

|  |  |
|---|---|
| NANCY HAYES, Personal Representative of the Estate of John Hayes, Deceased | |
| Plaintiff, | No. |
| vs. | *PLAINTIFF DEMANDS TRIAL BY JURY* |
| DIANA M. SANTIAGO, DURHAM SCHOOL SERVICES, LP, and NATIONAL EXPRESS, LLC | |
| Defendants. | |

## COMPLAINT AT LAW

Plaintiff, NANCY HAYES, as Personal Representative of the Estate of John Hayes, by and through her attorneys, DUNCAN LAW GROUP, LLC, and CHURCHILL & CHURCHILL, P.C., for her Complaint against Defendants, DIANA M. SANTIAGO, DURHAM SCHOOL SERVICES, LP, and NATIONAL EXPRESS, LLC and each of them, states the following:

## FACTS COMMON TO ALL COUNTS

1.       Defendant, DURHAM SCHOOL SERVICES, LP, was a Delaware Limited Partnership, licensed to do business in the State of Iowa.

2.       Defendant, NATIONAL EXPRESS, LLC, was a Delaware Limited Liability Company, licensed to do business in the State of Iowa.

3.       On and before August 14, 2024, Devil's Glen Road was a four-lane street at or near its intersection with Tanglefoot Lane in the City of Bettendorf, County of Scott, State of Iowa, generally running north and south with two through-lanes in each direction plus a left turning lane in each direction at the intersection.

**Exhibit A-24**

E-FILED 2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

4.      On August 14, 2024, at approximately 9:22 a.m., Defendant DIANA M. SANTIAGO was operating a school bus southbound on Devil's Glen Road at or near its intersection with Tanglefoot Lane in the City of Bettendorf, County of Scott, State of Iowa.

5.      At the aforesaid time and location, Plaintiff's Decedent, JOHN HAYES, was a pedestrian walking southbound on the east side of Devil's Glen Road, approaching its intersection with Tanglefoot Lane.

6.      At the time he began crossing Tanglefoot Lane, Plaintiff's Decedent, JOHN HAYES, entered the crosswalk as a pedestrian with a green traffic light for his direction of travel.

7.      At the time he began crossing Tanglefoot Lane, Plaintiff's Decedent, JOHN HAYES, entered the crosswalk as a pedestrian with a walk signal for his direction of travel.

8.      At the time he began crossing Tanglefoot Lane, Plaintiff's Decedent, JOHN HAYES, entered the crosswalk as a pedestrian and had the right of way.

9.      Plaintiff's Decedent, JOHN HAYES, entered the crosswalk approximately seven seconds before the bus operated by Defendant DIANA M. SANTIAGO entered the intersection.

10.      At the aforesaid time and location, as the bus operated by Defendant DIANA M. SANTIAGO approached the intersection in a southerly direction, there were no obstructions between the bus and Plaintiff's Decedent, JOHN HAYES.

11.      Plaintiff's Decedent, JOHN HAYES, was walking southbound crossing Tanglefoot Lane in a marked crosswalk when the bus operated by Defendant DIANA M. SANTIAGO entered the intersection.

12.      Plaintiff's Decedent, JOHN HAYES, was approximately half-way across Tanglefoot Lane when the bus operated by Defendant DIANA M. SANTIAGO entered the intersection.

**Exhibit A-25**

E-FILED 2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

13.    At the aforesaid time and location, Defendant DIANA M. SANTIAGO, initiated a left turn onto eastbound Tanglefoot Lane.

14.    At the aforesaid time and location, Defendant DIANA M. SANTIAGO, turned left directly into the path of Plaintiff's Decedent, JOHN HAYES, a pedestrian.

15.    At the aforesaid time and location, the bus operated by Defendant DIANA M. SANTIAGO, struck Plaintiff's Decedent, JOHN HAYES, a pedestrian.

16.    Plaintiff's Decedent, JOHN HAYES, a pedestrian, was walking within a marked crosswalk at the time he was struck by the school bus operated by Defendant DIANA M. SANTIAGO.

17.    The traffic light was green in the direction of travel of Plaintiff's Decedent, JOHN HAYES, at the time he was struck by the school bus operated by Defendant DIANA M. SANTIAGO.

18.    The pedestrian walk signal was illuminated in the direction of travel of Plaintiff's Decedent, JOHN HAYES, at the time when he was struck by the school bus operated by Defendant DIANA M. SANTIAGO.

19.    While being tended to by paramedics at the scene of the subject accident, Plaintiff's Decedent, JOHN HAYES, moved his right arm towards his mouth in response to tubes being forced down his throat.

20.    Defendant DIANA M. SANTIAGO submitted to a post-accident urine toxicology screening on the date of loss, August 14, 2024.

21.    Defendant DIANA M. SANTIAGO provided a urine sample at approximately 10:31am on August 14, 2024, less than 75 minutes after the subject accident.

**Exhibit A-26**

E-FILED  2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

22.    The urine sample submitted by Defendant DIANA M. SANTIAGO on August 14, 2024, tested positive for Cocaine metabolites (5,000 ng/mL).

23.    The urine sample submitted by Defendant DIANA M. SANTIAGO on August 14, 2024, tested positive for Marijuana metabolites (233 ng/mL).

24.    Defendant DIANA M. SANTIAGO ingested and/or used Cocaine within 24 hours prior to the subject accident on August 14, 2024.

25.    Defendant DIANA M. SANTIAGO ingested and/or used Marijuana within 24 hours prior to the subject accident on August 14, 2024.

26.    Defendant, DIANA M. SANTIAGO, was impaired at the time the school bus she was operating struck Plaintiff's Decedent, JOHN HAYES.

### COUNT I – WRONGFUL DEATH (NEGLIGENCE) –DIANA M. SANTIAGO

27.    Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, repeats and realleges the allegations of paragraphs 1 through 26, inclusive, as if fully set forth herein.

28.    At all times relevant hereto, Defendant DIANA M. SANTIAGO owed a duty to exercise ordinary care and caution in the operation, management, maintenance and control of the school bus she was operating so as not to cause injury or damage to Plaintiff's Decedent, JOHN HAYES.

29.    Notwithstanding her duty, Defendant DIANA M. SANTIAGO was then and there negligent in one or more of the following respects:

    a.    Failed to yield the right of way to a pedestrian in a marked crosswalk; or

    b.    Turned left before it was reasonably safe to do so; or,

    c.    Operated her vehicle at a speed greater than reasonable, in violation of Iowa Code Section 321.285; or,

**Exhibit A-27**

E-FILED 2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

d.   Failed to keep her vehicle under proper control, in violation of Iowa Code Section 321.288; or,

e.   Failed to reduce her speed to avoid an accident, in violation of Iowa Code Section 321.285; or,

f.   Operated her vehicle while impaired from narcotics or other intoxicating substances, in violation of Iowa Code Section 321J.2; or,

g.   Operated her vehicle without adequate brakes, in violation of Iowa Code Section 321.430; or,

h.   Operated her vehicle while overly fatigued; or,

i.   Failed to keep a proper lookout; or,

j.   Was otherwise careless and negligent.

30.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant DIANA M. SANTIAGO, Plaintiff's Decedent, JOHN HAYES, sustained serious and permanent personal injuries resulting in his death.

31.    This claim is authorized by Iowa Code Section 633.336

WHEREFORE, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant DIANA M. SANTIAGO in an amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County.

**COUNT II – SURVIVAL (NEGLIGENCE) – DIANA M. SANTIAGO**

32.    Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, repeats and realleges the allegations of paragraphs 1 through 26, inclusive, as if fully set forth herein.

33.    At all times relevant hereto, Defendant DIANA M. SANTIAGO owed a duty to exercise ordinary care and caution in the operation, management, maintenance and control of the

**Exhibit A-28**

E-FILED  2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

school bus she was operating so as not to cause injury or damage to Plaintiff's Decedent, JOHN HAYES.

34.     Notwithstanding her duty, Defendant DIANA M. SANTIAGO was then and there negligent in one or more of the following respects:

  a.   Failed to yield the right of way to a pedestrian in a marked crosswalk; or

  b.   Turned left before it was reasonably safe to do so;

  c.   Operated her vehicle at a speed greater than reasonable, in violation of Iowa Code Section 321.285; or,

  d.   Failed to keep her vehicle under proper control, in violation of Iowa Code Section 321.288; or,

  e.   Failed to reduce her speed to avoid an accident, in violation of Iowa Code Section 321.285; or,

  f.   Operated her vehicle while impaired from narcotics or other intoxicating substances, in violation of Iowa Code Section 321J.2; or,

  g.   Operated her vehicle without adequate brakes, in violation of Iowa Code Section 321.430; or,

  h.   Operated her vehicle while overly fatigued; or,

  i.   Failed to keep a proper lookout; or,

  j.   Was otherwise careless and negligent.

35.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant DIANA M. SANTIAGO, Plaintiff's Decedent, JOHN HAYES, sustained serious and permanent personal injuries resulting in his death, and experienced conscious pain and suffering prior to his death.

36.     This claim is authorized by Iowa Code Section 611.20

**Exhibit A-29**

E-FILED 2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

WHEREFORE, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant DIANA M. SANTIAGO in an amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County.

## COUNT III – WRONGFUL DEATH (WILLFUL & WANTON) – DIANA M. SANTIAGO

37.    Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, repeats and realleges the allegations of paragraphs 1 through 26, inclusive, as if fully set forth herein.

38.    At all times relevant hereto, Defendant DIANA M. SANTIAGO owed a duty to exercise ordinary care and caution in the operation, management, maintenance and control of the school bus she was operating so as not to cause injury or damage to Plaintiff's Decedent, JOHN HAYES.

39.    Notwithstanding her duty, Defendant DIANA M. SANTIAGO was then and there willful and wanton in one or more of the following respects:

    a.    Knowingly and willfully operated her vehicle while impaired from narcotics or other intoxicating substances, in violation of Iowa Code Section 321J.2; or,

    b.    Knowingly and willfully consumed narcotics or other intoxicating substances and became impaired, and operated the school bus in a reckless, wanton and grossly negligent manner, so as to inflict serious injury and death; or,

    c.    Was otherwise willful, wanton and grossly negligent in the operation of her vehicle.

40.    As a direct and proximate result of one or more of the foregoing willful, wanton and grossly negligent acts and/or omissions of Defendant DIANA M. SANTIAGO, Plaintiff's Decedent, JOHN HAYES, sustained serious and permanent personal injuries resulting in his death.

41.    Accordingly, in addition to actual damages, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, is entitled to an award of exemplary

**Exhibit A-30**

E-FILED 2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

damages because of the willful, wanton and grossly negligent conduct of Defendant DIANA M. SANTIAGO.

42.    This claim is authorized by Iowa Code Section 633.336

WHEREFORE, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant DIANA M. SANTIAGO in an amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County.

## COUNT IV – LOSS OF CONSORTIUM – DIANA M. SANTIAGO

43.    Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, repeats and realleges the allegations of paragraphs 1 through 42, inclusive, as if fully set forth herein.

44.    At the time of his death, Plaintiff's Decedent, JOHN HAYES, was married to NANCY HAYES.

45.    At the time of his death, Plaintiff's Decedent, JOHN HAYES, had two adult children, Sarah McMahon and JD Hayes.

46.    As a result of JOHN HAYES' death, his wife, NANCY HAYES, suffered a loss of spousal consortium, including the benefits of companionship, cooperation, affection and aid in the marital relationship.

47.    As a result of JOHN HAYES' death, his adult children, as aforenamed, suffered a loss of parental consortium, including the benefits of companionship, comfort, guidance, affection and aid in the parental relationship.

48.    This claim is authorized by Iowa Code Section 613.13

WHEREFORE, Plaintiff, NANCY HAYES, as Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant DIANA M. SANTIAGO in an

**Exhibit A-31**

E-FILED  2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County.

## COUNT V – WRONGFUL DEATH (NEGLIGENCE, RESPONDEAT SUPERIOR) – DURHAM SCHOOL SERVICES, LP

49.     Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, repeats and realleges the allegations of paragraphs 1 through 26, inclusive, as if fully set forth herein.

50.     At all times mentioned herein, Defendant DIANA M. SANTIAGO was the agent and/or employee of Defendant DURHAM SCHOOL SERVICES, LP.

51.     At all times mentioned herein, Defendant DIANA M. SANTIAGO was acting within the scope of her agency and/or employment with Defendant DURHAM SCHOOL SERVICES, LP.

52.     At all times relevant hereto, Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant DURHAM SCHOOL SERVICES, owed a duty to exercise ordinary care and caution in the operation, management, maintenance and control of the school bus she was operating so as not to cause injury or damage to Plaintiff's Decedent, JOHN HAYES.

53.     Notwithstanding her duty, Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant DURHAM SCHOOL SERVICES, LP, was then and there negligent in one or more of the following respects:

a.   Failed to yield the right of way to a pedestrian in a marked crosswalk; or

b.   Turned left before it was reasonably safe to do so; or,

c.   Operated her vehicle at a speed greater than reasonable, in violation of Iowa Code Section 321.285; or,

d.   Failed to keep her vehicle under proper control, in violation of Iowa Code Section 321.288; or,

**Exhibit A-32**

    e.   Failed to reduce her speed to avoid an accident, in violation of Iowa Code Section 321.285; or,

    f.   Operated her vehicle while impaired from narcotics or other intoxicating substances, in violation of Iowa Code Section 321J.2; or,

    g.   Operated her vehicle without adequate brakes, in violation of Iowa Code Section 321.430; or,

    h.   Operated her vehicle while overly fatigued; or,

    i.   Failed to keep a proper lookout; or,

    j.   Was otherwise careless and negligent.

54.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant DURHAM SCHOOL SERVICES, LP, Plaintiff's Decedent, JOHN HAYES, sustained serious and permanent personal injuries resulting in his death.

55.    This claim is authorized by Iowa Code Section 633.336

WHEREFORE, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant DURHAM SCHOOL SERVICES, LP in an amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County.

## COUNT VI – SURVIVAL (NEGLIGENCE, RESPONDEAT SUPERIOR) – DURHAM SCHOOL SERVICES, LP

56.    Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, repeats and realleges the allegations of paragraphs 1 through 26, inclusive, as if fully set forth herein.

57.    At all times mentioned herein, Defendant DIANA M. SANTIAGO was the agent and/or employee of Defendant DURHAM SCHOOL SERVICES, LP.

**Exhibit A-33**

E-FILED 2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

58.     At all times mentioned herein, Defendant DIANA M. SANTIAGO was acting within the scope of her agency and/or employment with Defendant DURHAM SCHOOL SERVICES, LP.

59.     At all times relevant hereto, Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant DURHAM SCHOOL SERVICES, owed a duty to exercise ordinary care and caution in the operation, management, maintenance and control of the school bus she was operating so as not to cause injury or damage to Plaintiff's Decedent, JOHN HAYES.

60.     Notwithstanding her duty, Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant DURHAM SCHOOL SERVICES, LP, was then and there negligent in one or more of the following respects:

    a.  Failed to yield the right of way to a pedestrian in a marked crosswalk; or

    b.  Turned left before it was reasonably safe to do so;

    c.  Operated her vehicle at a speed greater than reasonable, in violation of Iowa Code Section 321.285; or,

    d.  Failed to keep her vehicle under proper control, in violation of Iowa Code Section 321.288; or,

    e.  Failed to reduce her speed to avoid an accident, in violation of Iowa Code Section 321.285; or,

    f.  Operated her vehicle while impaired from narcotics or other intoxicating substances, in violation of Iowa Code Section 321J.2; or,

    g.  Operated her vehicle without adequate brakes, in violation of Iowa Code Section 321.430; or,

    h.  Operated her vehicle while overly fatigued; or,

    i.  Failed to keep a proper lookout; or,

    j.  Was otherwise careless and negligent.

**Exhibit A-34**

E-FILED  2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

61.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant DURHAM SCHOOL SERVICES, LP, Plaintiff's Decedent, JOHN HAYES, sustained serious and permanent personal injuries resulting in his death, and experienced conscious pain and suffering prior to his death.

62.    This claim is authorized by Iowa Code Section 611.20

WHEREFORE, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant DURHAM SCHOOL SERVICES, LP in an amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County

## COUNT VII – WRONGFUL DEATH (WILLFUL & WANTON) – DURHAM SCHOOL SERVICES, LP

63.    On and before August 14, 2024, Defendant DURHAM SCHOOL SERVICES, LP hired Defendant DIANA M. SANTIAGO to be a school bus driver to transport minor children to and from school.

64.    Before Defendant DIANA M. SANTIAGO was hired by Defendant DURHAM SCHOOL SERVICES, LP, she had been convicted of a felony for possession of narcotics.

65.    Before Defendant DIANA M. SANTIAGO was hired by Defendant DURHAM SCHOOL SERVICES, LP, she had been convicted of driving under the influence of alcohol.

66.    Before Defendant DIANA M. SANTIAGO was hired by Defendant DURHAM SCHOOL SERVICES, LP, she had been convicted of driving 40 mph or more over the speed limit.

67.    Before Defendant DIANA M. SANTIAGO was hired by Defendant DURHAM SCHOOL SERVICES, LP, she had been convicted of driving on a suspended license.

Exhibit A-35

E-FILED 2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

68.    Before Defendant DIANA M. SANTIAGO was hired by Defendant DURHAM SCHOOL SERVICES, LP, she had been convicted of driving with an open container of alcohol.

69.    At the time DURHAM SCHOOL SERVICES, LP, hired defendant DIANA M. SANTIAGO, her criminal and traffic records were available to Defendant, DURHAM SCHOOL SERVICES, LP.

70.    At the time DURHAM SCHOOL SERVICES, LP, hired defendant DIANA M. SANTIAGO, her employment history was available to Defendant DURHAM SCHOOL SERVICES, LP.

71.    On and before August 14, 2024, Defendant DURHAM SCHOOL SERVICES, LP monitored school bus drivers, including Defendant DIANA M. SANTIAGO, using an onboard monitoring system referred to as "DriveCam"

72.    On and before August 14, 2024, the "DriveCam" monitoring system was designed to capture and preserve video clips of risky driving behavior while school bus drivers, including Defendant DIANA M. SANTIAGO, were operating a school bus.

73.    On and before August 14, 2024, when "DriveCam" captured and preserved video clips of risky driving behavior, the offending driver would be trained/retrained on safe driving practices.

74.    Before August 14, 2024, the "DriveCam" monitoring system utilized by Defendant DURHAM SCHOOL SERVICES, LP captured and preserved at least 37 video clips of risky driving behavior by Defendant DIANA M. SANTIAGO, from October 4, 2023 through July 4, 2024.

**Exhibit A-36**

75.    On August 14, 2024, the "DriveCam" monitoring system utilized by Defendant DURHAM SCHOOL SERVICES, LP captured 11 video clips of risky driving behavior by Defendant DIANA M. SANTIAGO.

76.    At all times relevant hereto, Defendant DURHAM SCHOOL SERVICES, LP owed a duty to exercise ordinary care and caution in the hiring, employment and/or retention of school bus drivers so as not to cause injury or damage to Plaintiff's Decedent, JOHN HAYES.

77.    Notwithstanding its duty, Defendant DURHAM SCHOOL SERVICES, LP was then and there willful and wanton in one or more of the following respects:

    a.  Knowingly and willfully hiring Defendant DIANA M. SANTIAGO to drive a school bus to transport minor children to and from school, despite her felony conviction for possession of narcotics; or

    b.  Knowingly and willfully hiring Defendant DIANA M. SANTIAGO to drive a school bus to transport minor children to and from school, despite her driving record; or

    c.  Knowingly and willfully hiring Defendant DIANA M. SANTIAGO to drive a school bus to transport minor children to and from school, despite her failure to truthfully disclose her prior places of employment; or

    d.  Knowingly and willfully allowing Defendant DIANA M. SANTIAGO to drive a school bus despite repeated instances of on-the-job risky driving behavior; and

    e.  Knowingly and willfully failing to train or retrain Defendant DIANA M. SANTIAGO despite repeated instances of on-the-job risky driving behavior.

78.    As a direct and proximate result of one or more of the foregoing willful, wanton and grossly negligent acts and/or omissions of Defendant DURHAM SCHOOL SERVICES, LP, Plaintiff's Decedent, JOHN HAYES, sustained serious and permanent personal injuries resulting in his death.

79.    Accordingly, in addition to actual damages, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, is entitled to an award of exemplary

**Exhibit A-37**

E-FILED  2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

damages because of the willful, wanton and grossly negligent conduct of Defendant DURHAM SCHOOL SERVICES, LP.

80.    This claim is authorized by Iowa Code Section 633.336

WHEREFORE, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant DURHAM SCHOOL SERVICES, LP in an amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County.

### COUNT VIII – LOSS OF CONSORTIUM – DURHAM SCHOOL SERVICES, LP

81.    Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, repeats and realleges the allegations of paragraphs 1 through 26, inclusive, and paragraphs 49-80, inclusive, as if fully set forth herein.

82.    At the time of his death, Plaintiff's Decedent, JOHN HAYES, was married to NANCY HAYES.

83.    At the time of his death, Plaintiff's Decedent, JOHN HAYES, had two adult children, Sarah McMahon and JD Hayes.

84.    As a result of JOHN HAYES' death, his wife, NANCY HAYES, suffered a loss of spousal consortium, including the benefits of companionship, cooperation, affection and aid in the marital relationship.

85.    As a result of JOHN HAYES' death, his adult children, as aforenamed, suffered a loss of parental consortium, including the benefits of companionship, comfort, guidance, affection and aid in the parental relationship.

86.    This claim is authorized by Iowa Code Section 613.13

WHEREFORE, Plaintiff, NANCY HAYES, as Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant DURHAM SCHOOL

**Exhibit A-38**

SERVICES, LP in an amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County.

## COUNT IX – WRONGFUL DEATH (NEGLIGENCE, RESPONDEAT SUPERIOR) – NATIONAL EXPRESS, LLC.

87.    Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, repeats and realleges the allegations of paragraphs 1 through 26, inclusive, as if fully set forth herein.

88.    At all times mentioned herein, Defendant DIANA M. SANTIAGO was the agent and/or employee of Defendant NATIONAL EXPRESS, LLC.

89.    At all times mentioned herein, Defendant DIANA M. SANTIAGO was acting within the scope of her agency and/or employment with Defendant NATIONAL EXPRESS, LLC.

90.    At all times relevant hereto, Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant NATIONAL EXPRESS, LLC, owed a duty to exercise ordinary care and caution in the operation, management, maintenance and control of the school bus she was operating so as not to cause injury or damage to Plaintiff's Decedent, JOHN HAYES.

91.    Notwithstanding her duty, Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant NATIONAL EXPRESS, LLC, was then and there negligent in one or more of the following respects:

    a.    Failed to yield the right of way to a pedestrian in a marked crosswalk; or

    b.    Turned left before it was reasonably safe to do so; or,

    c.    Operated her vehicle at a speed greater than reasonable, in violation of Iowa Code Section 321.285; or,

    d.    Failed to keep her vehicle under proper control, in violation of Iowa Code Section 321.288; or,

    e.    Failed to reduce her speed to avoid an accident, in violation of Iowa Code Section 321.285; or,

Exhibit A-39

f.  Operated her vehicle while impaired from narcotics or other intoxicating substances, in violation of Iowa Code Section 321J.2; or,

g.  Operated her vehicle without adequate brakes, in violation of Iowa Code Section 321.430; or,

h.  Operated her vehicle while overly fatigued; or,

i.  Failed to keep a proper lookout; or,

j.  Was otherwise careless and negligent.

92.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant NATIONAL EXPRESS, LLC, Plaintiff's Decedent, JOHN HAYES, sustained serious and permanent personal injuries resulting in his death.

93.    This claim is authorized by Iowa Code Section 633.336

WHEREFORE, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant NATIONAL EXPRESS, LLC in an amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County.

## COUNT X – SURVIVAL (NEGLIGENCE, RESPONDEAT SUPERIOR) – NATIONAL EXPRESS, LLC.

94.    Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, repeats and realleges the allegations of paragraphs 1 through 26, inclusive, as if fully set forth herein.

95.    At all times mentioned herein, Defendant DIANA M. SANTIAGO was the agent and/or employee of Defendant NATIONAL EXPRESS, LLC.

96.    At all times mentioned herein, Defendant DIANA M. SANTIAGO was acting within the scope of her agency and/or employment with Defendant NATIONAL EXPRESS, LLC.

**Exhibit A-40**

E-FILED 2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

97.     At all times relevant hereto, Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant NATIONAL EXPRESS, LLC, owed a duty to exercise ordinary care and caution in the operation, management, maintenance and control of the school bus she was operating so as not to cause injury or damage to Plaintiff's Decedent, JOHN HAYES.

98.     Notwithstanding her duty, Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant NATIONAL EXPRESS, LLC, was then and there negligent in one or more of the following respects:

    a.   Failed to yield the right of way to a pedestrian in a marked crosswalk; or

    b.   Turned left before it was reasonably safe to do so; or

    c.   Operated her vehicle at a speed greater than reasonable, in violation of Iowa Code Section 321.285; or,

    d.   Failed to keep her vehicle under proper control, in violation of Iowa Code Section 321.288; or,

    e.   Failed to reduce her speed to avoid an accident, in violation of Iowa Code Section 321.285; or,

    f.   Operated her vehicle while impaired from narcotics or other intoxicating substances, in violation of Iowa Code Section 321J.2; or,

    g.   Operated her vehicle without adequate brakes, in violation of Iowa Code Section 321.430; or,

    h.   Operated her vehicle while overly fatigued; or,

    i.   Failed to keep a proper lookout; or,

    j.   Was otherwise careless and negligent.

99.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendant DIANA M. SANTIAGO, as the agent and/or employee of Defendant NATIONAL EXPRESS, LLC, Plaintiff's Decedent, JOHN HAYES, sustained serious

**Exhibit A-41**

E-FILED 2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

and permanent personal injuries resulting in his death, and experienced conscious pain and suffering prior to his death.

100.    This claim is authorized by Iowa Code Section 611.20

WHEREFORE, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant NATIONAL EXPRESS, LLC in an amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County.

## COUNT XI – WRONGFUL DEATH (WILLFUL & WANTON) – NATIONAL EXPRESS, LLC

101.    On and before August 14, 2024, Defendant NATIONAL EXPRESS, LLC hired Defendant DIANA M. SANTIAGO to be a school bus driver to transport minor children to and from school.

102.    Before Defendant DIANA M. SANTIAGO was hired by Defendant NATIONAL EXPRESS, LLC, she had been convicted of a felony for possession of narcotics.

103.    Before Defendant DIANA M. SANTIAGO was hired by Defendant NATIONAL EXPRESS, LLC, she had been convicted of driving under the influence of alcohol.

104.    Before Defendant DIANA M. SANTIAGO was hired by Defendant NATIONAL EXPRESS, LLC, she had been convicted of driving 40 mph or more over the speed limit.

105.    Before Defendant DIANA M. SANTIAGO was hired by Defendant NATIONAL EXPRESS, LLC, she had been convicted of driving on a suspended license.

106.    Before Defendant DIANA M. SANTIAGO was hired by Defendant NATIONAL EXPRESS, LLC, she had been convicted of driving with an open container of alcohol.

Exhibit A-42

E-FILED 2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

107.    At the time Defendant, NATIONAL EXPRESS, LLC, hired defendant DIANA M. SANTIAGO, her criminal and traffic records were available to Defendant, NATIONAL EXPRESS, LLC.

108.    At the time Defendant, NATIONAL EXPRESS, LLC, hired defendant DIANA M. SANTIAGO, her employment history was available to Defendant NATIONAL EXPRESS, LLC.

109.    On and before August 14, 2024, Defendant NATIONAL EXPRESS, LLC monitored school bus drivers, including Defendant DIANA M. SANTIAGO, using an onboard monitoring system referred to as "DriveCam"

110.    On and before August 14, 2024, the "DriveCam" monitoring system was designed to capture and preserve video clips of risky driving behavior while school bus drivers, including DIANA M. SANTIAGO, were operating a school bus.

111.    On and before August 14, 2024, when "DriveCam" captured and preserved video clips of risky driving behavior, the offending driver would be trained/retrained on safe driving practices.

112.    Before August 14, 2024, the "DriveCam" monitoring system utilized by Defendant NATIONAL EXPRESS, LLC captured and preserved at least 37 video clips of risky driving behavior by Defendant DIANA M. SANTIAGO, from October 4, 2023 through July 4, 2024.

113.    On August 14, 2024, the "DriveCam" monitoring system utilized by Defendant NATIONAL EXPRESS, LLC captured 11 video clips of risky driving behavior by Defendant DIANA M. SANTIAGO.

114.    At all times relevant hereto, Defendant NATIONAL EXPRESS, LLC owed a duty to exercise ordinary care and caution in the hiring, employment and/or retention of school bus drivers so as not to cause injury or damage to Plaintiff's Decedent, JOHN HAYES.

**Exhibit A-43**

E-FILED  2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

115.    Notwithstanding its duty, Defendant NATIONAL EXPRESS, LLC was then and there willful and wanton in one or more of the following respects:

   a.   Knowingly and willfully hiring Defendant DIANA M. SANTIAGO to drive a school bus to transport minor children to and from school, despite her felony conviction for possession of narcotics; or

   b.   Knowingly and willfully hiring Defendant DIANA M. SANTIAGO to drive a school bus to transport minor children to and from school, despite her driving record; or

   c.   Knowingly and willfully hiring Defendant DIANA M. SANTIAGO to drive a school bus to transport minor children to and from school, despite her failure to truthfully disclose her prior places of employment; or

   d.   Knowingly and willfully allowing Defendant DIANA M. SANTIAGO to drive a school bus despite repeated instances of on-the-job risky driving behavior; and

   e.   Knowingly and willfully failing to train or retrain Defendant DIANA M. SANTIAGO despite repeated instances of on-the-job risky driving behavior.

116.    As a direct and proximate result of one or more of the foregoing willful, wanton and grossly negligent acts and/or omissions of Defendant NATIONAL EXPRESS, LLC, Plaintiff's Decedent, JOHN HAYES, sustained serious and permanent personal injuries resulting in his death.

117.    Accordingly, in addition to actual damages, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, is entitled to an award of exemplary damages because of the willful, wanton and grossly negligent conduct of Defendant NATIONAL EXPRESS, LLC.

118.    This claim is authorized by Iowa Code Section 633.336

WHEREFORE, Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant NATIONAL EXPRESS, LLC

**Exhibit A-44**

E-FILED  2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

in an amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County.

### COUNT XII – LOSS OF CONSORTIUM – NATIONAL EXPRESS, LLC

119.    Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, repeats and realleges the allegations of paragraphs 1 through 26, inclusive, and paragraphs 87-118, inclusive, as if fully set forth herein.

120.    At the time of his death, Plaintiff's Decedent, JOHN HAYES, was married to NANCY HAYES.

121.    At the time of his death, Plaintiff's Decedent, JOHN HAYES, had two adult children, Sarah McMahon and JD Hayes.

122.    As a result of JOHN HAYES' death, his wife, NANCY HAYES, suffered a loss of spousal consortium, including the benefits of companionship, cooperation, affection and aid in the marital relationship.

123.    As a result of JOHN HAYES' death, his adult children, as aforenamed, suffered a loss of parental consortium, including the benefits of companionship, comfort, guidance, affection and aid in the parental relationship.

124.    This claim is authorized by Iowa Code Section 613.13

WHEREFORE, Plaintiff, NANCY HAYES, as Personal Representative of the Estate of JOHN HAYES, Deceased, prays for judgment against Defendant NATIONAL EXPRESS, LLC in an amount in excess of the jurisdictional limit of the Civil Department of the Iowa District Court for Scott County.

### JURY DEMAND

Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased, by and through his attorneys, demands a jury trial.

**Exhibit A-45**

E-FILED 2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

Respectfully submitted,

**Plaintiff, NANCY HAYES, Personal Representative of the Estate of JOHN HAYES, Deceased**


By:     /s/ *Mark D Churchill*
             Mark D. Churchill
             PIN #AT0011272
             **CHURCHILL & CHURCHILL, P.C.**
             1610 Fifth Avenue
             Moline, IL 61265
             Phone: (309) 762-3643
             Fax: (309) 762-4690
             Email: mchurchill@churchillfirm.com

             And for

             *Robert R. Duncan (IL Bar No. 6277407)
             *David C. Flosi (IL Bar No.6281399)
             **DUNCAN LAW GROUP, LLC**
             161 N. Clark, Suite 2550
             Chicago, IL 60601
             Phone: (312) 202-3283
             Fax: (312) 202-3284
             Email: rrd@duncanlawgroup.com
                    dcf@duncanlawgroup.com
             *Seeking admittance pro hac vice

**Exhibit A-46**

E-FILED  2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

**Rule 1.1901 — Form 2:**   *Form of Original Notice Against a Nonresident Motor Vehicle Owner or Operator Under Iowa Code Section 321.500*

IN THE IOWA DISTRICT COURT FOR _____SCOTT_____ COUNTY

| | |
|---|---|
| Plaintiff(s), PIN  Nancy Hayes, Personal Representative of the Estate of John Hayes, Deceased | No. _____ |
| vs. | _____LAW_____ |
| Defendant(s), PIN  Diana M. Santiago, Durham School Services, LP, and National Express, LLC | (INSERT "LAW" OR "EQUITY")  **ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT(S): DIANA M. SANTIAGO

    You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant in this action.  A copy of the petition (and any documents filed with it) is attached to this notice.  The attorney for the plaintiff(s) is _____Mark D. Churchill_____, whose address is 1610 Fifth Ave., Moline, Illinois, ~~Iowa~~ ____61265____.  That attorney's telephone number is ____(309) 762-3643____; facsimile number ____(309) 762-4690____.

    You must serve a motion or answer within 60 days following the filing of this notice with the director of transportation of this state, and within a reasonable time thereafter, file your motion or answer with the Clerk of Court for _____Scott_____ County, at the county courthouse in _____Davenport_____, Iowa.  If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

    If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at ____(563) 328-4145____.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

(SEAL)

 

_____
CLERK OF COURT
_____Scott_____ County Courthouse
____Davenport____, Iowa ____52801____

IMPORTANT

YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

**Exhibit A-47**

E-FILED  2025 JAN 31 3:23 PM SCOTT - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.*  **LACE138699**

*County*  **Scott**

*Case Title*  HAYES NANCY VS SANTIAGO DIANA

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(563) 328-4145** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **01/31/2025 03:23:10 PM**



*District Clerk of Court or/by Clerk's Designee of*  Scott          *County*
**/s/ Emma Muhleman**

**Exhibit A-48**

E-FILED  2025 JAN 31 2:46 PM SCOTT - CLERK OF DISTRICT COURT

**Rule 1.1901 — Form 3:**  *Form of Original Notice Against Foreign Corporation or Nonresident Under Iowa Code Section 617.3*

IN THE IOWA DISTRICT COURT FOR _____SCOTT_____ COUNTY

| | |
|---|---|
| Plaintiff(s), PIN  Nancy Hayes, Personal Representative of the Estate of John Hayes, Deceased | No. _____ |
| vs. | _____LAW_____ |
| Defendant(s), PIN  Diana M. Santiago, Durham School Services, LP, and National Express, LLC | (INSERT "LAW" OR "EQUITY")  **ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT(S): DURHAM SCHOOL SERVICES, LP

You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant in this action.  A copy of the petition (and any documents filed with it) is attached to this notice.  The attorney for the plaintiff(s) is _____Mark D. Churchill_____, whose address is 1610 Fifth Ave., Moline, Illinois, ~~Iowa~~ _____61265_____.  That attorney's telephone number is _____(309) 762-3643_____; facsimile number _____(309) 762-4690_____.

You must serve a motion or answer within 60 days following the filing of this notice with the secretary of state of the State of Iowa, and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for _____Scott_____ County, at the county courthouse in _____Davenport_____, Iowa.  If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at _____(563) 328-4145_____.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

(SEAL)

_____
CLERK OF COURT
_____Scott_____ County Courthouse
_____Davenport_____, Iowa _____61265_____

**IMPORTANT**

YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

**Exhibit A-49**

E-FILED  2025 JAN 31 3:23 PM SCOTT - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.*  **LACE138699**

*County*  **Scott**

*Case Title*  HAYES NANCY VS SANTIAGO DIANA

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(563) 328-4145** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **01/31/2025 03:23:10 PM**



*District Clerk of Court or/by Clerk's Designee of*  Scott          *County*
**/s/ Emma Muhleman**

# Exhibit A-50

**Rule 1.1901 — Form 3:** *Form of Original Notice Against Foreign Corporation or Nonresident Under Iowa Code Section 617.3*

IN THE IOWA DISTRICT COURT FOR _____ SCOTT _____ COUNTY

| | |
|---|---|
| Plaintiff(s), PIN   Nancy Hayes, Personal Representative of the Estate of John Hayes, Deceased | No. _____ |
| vs. | **LAW** |
| Defendant(s), PIN   Diana M. Santiago, Durham School Services, LP, and National Express, LLC | (INSERT "LAW" OR "EQUITY")<br><br>**ORIGINAL NOTICE** |

TO THE ABOVE-NAMED DEFENDANT(S): NATIONAL EXPRESS, LLC

You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant in this action.  A copy of the petition (and any documents filed with it) is attached to this notice.  The attorney for the plaintiff(s) is _____ Mark D. Churchill _____, whose address is 1610 Fifth Ave., Moline, Illinois, ~~Iowa~~ _____ 61265 _____.  That attorney's telephone number is _____ (309) 762-3643 _____; facsimile number _____ (309) 762-4690 _____.

You must serve a motion or answer within 60 days following the filing of this notice with the secretary of state of the State of Iowa, and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for _____ Scott _____ County, at the county courthouse in _____ Davenport _____, Iowa.  If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at _____ (563) 328-4145 _____.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

(SEAL)

_____
CLERK OF COURT
_____ Scott _____ County Courthouse
_____ Davenport _____, Iowa _____ 61265 _____

IMPORTANT

YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.

**Exhibit A-51**

E-FILED  2025 JAN 31 3:23 PM SCOTT - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.*  **LACE138699**

*County*  **Scott**

*Case Title*  HAYES NANCY VS SANTIAGO DIANA

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(563) 328-4145** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **01/31/2025 03:23:10 PM**



*District Clerk of Court or/by Clerk's Designee of*  Scott          *County*

**/s/ Emma Muhleman**

**Exhibit A-52**

**Rule 31.25—Form 1:** *Application for Admission Pro Hac Vice--District Court*

## Iowa District Court for _____SCOTT_____ County

*County where your case is filed*

| | |
|---|---|
| NANCY HAYES, Personal Representative of the Estate of John Hayes, Deceased<br><br>**Plaintiff(s)**<br>*Full name: first, middle, last*<br><br>vs.<br><br>DIANA M. SANTIAGO, DURHAM SCHOOL SERVICES, LP,<br><br>and National Express, LLC<br><br>**Defendant(s)**<br>*Full name: first, middle, last* | Case no. _07821 LACE 138699_<br><br>**Application for Admission Pro Hac Vice--District Court**<br>Iowa Court Rule 31.14 |

### 1. Application

The undersigned seeks permission to appear pro hac vice in the above-captioned proceeding.
*Applicant must complete all of the following:*
If this matter involves review of an agency action, did the applicant seek admission pro hac vice in the proceedings below?  ☐ Yes ☐ No
*If yes, attach copies of all related documents.*

a. Applicant's full name, residential address, email address, and business address.

| | |
|---|---|
| David Christopher Flosi | dcf@duncanlawgroup.com |
| *Full name: first, middle, last* | *Email address* |
| 640 N. Mail Street | Glen Ellyn · IL · 60613 |
| *Mailing address* | *City · State · ZIP code* |
| 161 N. Clark Street, Suite 2550 | Chicago · IL · 60601 |
| *Business address* | *City · State · ZIP code* |

b. The name, address, and telephone number of each client to be represented.
NANCY  HAYES, Personal Represenative of the Esate of John Hayes, Deceased, 11 Roberts Ave., Davenport, IA 52803

c. The courts before which the applicant has been admitted to practice and the respective periods of admission and any jurisdiction in which the out-of-state lawyer has been licensed to practice as a foreign legal consultant and the respective period of licensure.
Illinois:  11/06/03 to present
Northern District of Illinois, Federal General Bar: 08/07/08
Northern District of Illinois, Federal Trial Bar: 01/11/10 to present

d. Has the applicant ever been denied admission pro hac vice in this state?
☐ Yes  ☒ No

**Exhibit A-53**

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*, continued

*If yes, on a separate page specify the caption of the proceedings, the date of the denial, and what findings were made. Attach copies of all related documents.*

e.   Has the applicant ever had admission pro hac vice revoked in this state?

☐ Yes   ☒ No

*If yes, on a separate page specify the caption of the proceedings, the date of the denial, and what findings were made. Attach copies of all related documents.*

f.   Has the applicant ever been denied admission in any jurisdiction for reasons other than failure of a bar examination?   ☐ Yes   ☒ No

*If yes, on a separate page specify the caption of the proceedings, the date of the denial, and what findings were made. Attach copies of all related documents.*

g.   Has the applicant ever been formally disciplined or sanctioned by any court in this state?   ☐ Yes   ☒ No

*If yes, on a separate page specify the nature of the allegations, the name of the authority bringing such proceedings, the caption of the proceedings, the date filed, what findings were made, and what action was taken in connection with those proceedings. Attach copies of all related documents.*

h.   Has the applicant ever been the subject of any injunction, cease-and-desist letter, or other action arising from a finding that the applicant engaged in the unauthorized practice of law in this state or elsewhere?   ☐ Yes   ☒ No

*If yes, on a separate page specify the nature of the allegations, the name of the authority bringing such proceedings, the caption of the proceedings, the date filed, what findings were made, and what action was taken in connection with those proceedings. Attach copies of all related documents.*

i.   Has any formal, written disciplinary proceeding ever been brought against the applicant by a disciplinary authority or unauthorized practice of law commission in any other jurisdiction within the last five years?   ☐ Yes   ☒ No

*If yes, on a separate page specify as to each such proceeding: the nature of the allegations, the name of the person or authority bringing such proceedings, the date the proceedings were initiated and finally concluded, the style of the proceedings, and the findings made and actions taken in connection with those proceedings. Attach copies of all related documents.*

j.   Has the applicant ever been placed on probation by a disciplinary authority in any other jurisdiction?   ☐ Yes   ☒ No

*If yes, on a separate page specify the jurisdiction, caption of the proceedings, the terms of the probation, and what findings were made. Attach copies of all related documents.*

k.   Has the applicant ever been held formally in contempt or otherwise sanctioned by any court in a written order in the last five years for disobedience to the court's rules or orders?   ☐ Yes   ☒ No

*If yes, on a separate page specify the nature of the allegations, the name of the court before which such proceedings were conducted, the date of the contempt order or sanction, the caption of the proceedings, and the substance of the court's rulings. Attach to this application a copy of the written order or a transcript of the oral ruling and other related documents.*

l.   Has the applicant filed an application to appear pro hac vice in this state within the preceding two years?   ☒ Yes   ☐ No

**Exhibit A-54**

E-FILED 2025 FEB 13 11:12 AM SCOTT - CLERK OF DISTRICT COURT

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*, continued

*If yes, on a separate page list the name and address of each court or agency and a full identification of each proceeding in which an application was filed, including the date and outcome of the application. Attach copies of all related documents.*

m.  The applicant acknowledges familiarity with the rules of professional conduct, the disciplinary procedures of this state, the standards for professional conduct, the applicable local rules, and the procedures of the court before which the applicant seeks to practice.  ☒ Yes  ☐ No

n.  List the name, address, telephone number, email address, and personal identification number of an in-state lawyer in good standing of the bar of this state who will sponsor the applicant's pro hac vice request.

| Mark Churchill | AT0011272 | mchurchill@churchillfirm.com |
|---|---|---|
| *Lawyer's name* | *PIN* | *Email address* |

| 1610 Fifth Ave. | Moline | IL | 61265 |
|---|---|---|---|
| *Lawyer's address* | *City* | *State* | *ZIP code* |

o.  The applicant acknowledges that service upon the in-state attorney in all matters connected with the proceedings will have the same effect as if personally made upon the applicant.  ☒ Yes  ☐ No

p.  If the applicant has appeared pro hac vice in this state in five proceedings within the preceding two years, the applicant must, on a separate attached page, provide a statement showing good cause why the applicant should be admitted in the present proceeding.

q.  On a separate attached page the applicant must provide any other information the applicant deems necessary to support the application for admission pro hac vice.

r.  Has the applicant registered with the office of professional regulation and paid the fee as required by Iowa Court Rule 31.14(11) within five years of the date of this application?  ☒ Yes  ☐ No

**Lawyer's Oath and Signature and Certificate of Service on next page**

**Exhibit A-55**

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*, continued

## 2.  Oath and Signature

I, David Christopher Flosi                        , have read this Application, and I certify under
   *Print your name*

penalty of perjury and pursuant to the laws of the State of Iowa that the preceding is
true and correct.

February            13          , 20 25
*Signed on:    Month         Day        Year*        *Your signature\**

161 N. Clark Street, Suite 2550                 Chicago                  IL       60601
*Mailing address*                               *City*                   *State*   *ZIP code*

(312    ) 202-3285        dcf@duncanlawgroup.com
*Telephone number*        *Email address*              *Additional email address, if applicable*

\*  *If filing in paper, you must handwrite your signature on this form.  If filing electronically, you may handwrite your signature on the form, scan the form, and then file it electronically, or, you may affix a digitized signature and file the form electronically.*

## Certificate of Service

The undersigned certifies a copy of this application was served on the following parties:

on the _____ day of _____, 20_____
                          *Month*              *Year*

by ☐ Personal delivery      ☐ Deposit in the U.S. mail

_____
*Signature of server*

**Exhibit A-56**

E-FILED  2025 FEB 13 11:12 AM SCOTT - CLERK OF DISTRICT COURT

**IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY**

NANCY HAYES, Special Representative of
the Estate of John Hayes, Deceased

        Plaintiff,

        vs.

DIANA M. SANTIAGO, DURHAM
SCHOOL SERVICES, LP, and NATIONAL
EXPRESS, LLC

        Defendants.

Case No. 07821 LACE138699

**Application for Admission Pro Hac Vice Addendum**

**1(1):  Has the applicant filed an application to appear pro hac vice in this state within the preceding two years?**

I filed two pro hac vice applications in related cases: *Shelton v. Quevedo-Baires, et al*, case number LACE137423, and *Hueser v. Quevedo-Baires, et al*, case number LACE137424, both in the Iowa District Court for Scott County.  Both applications were successful.  Copies of orders granting both applications are attached.

**Exhibit A-57**

## IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY

| | |
|---|---|
| CARA SHELTON<br><br>       Plaintiff(s),<br><br>  vs.<br><br>GAB TRANSPORT LLC<br>FIRST COAST LOGISTICS SERVICES INC<br>GLADYS BAIRES<br>FIRST COAST LOGISTICS OF MARYLAND LLC<br><br><br>       Defendant(s). | Case No: 07821  LACE137423<br><br>**ORDER** |

The Application for Admission Pro Hac Vice filed by Attorney David Christopher Flosi is hereby granted.

ALL ABOVE IS SO ORDERED this 20th day of May, 2024.

Clerk to notify all self-represented litigants and attorneys of record.

7CV001

**Exhibit A-58**

E-FILED 2025 FEB 13 12:24 AM POLK - CLERK OF DISTRICT COURT
CLERK OF DISTRICT COURT                    Page 2 of 2



State of Iowa Courts

**Case Number**          **Case Title**
LACE137423               SHELTON CARA VS QUEVEDO-BAIRES GLADYS
**Type:**                OTHER ORDER

So Ordered

Tom Reidel, District Court Judge,
Seventh Judicial District of Iowa

Electronically signed on 2024-05-20 10:19:15

**Exhibit A-59**

E-FILED  2025 FEB 13 1:24 PM SCOTT - CLERK OF DISTRICT COURT
CLERK OF DISTRICT COURT          Page 1 of 2

### IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY

MICHAEL EDWARD HUESER

      Plaintiff(s),

   vs.

GAB TRANSPORT LLC
GLADYS BAIRES
FIRST COAST LOGISTICS OF
MARYLAND LLC
FIRST COAST LOGISTICS SERVICES
INC

      Defendant(s).

Case No: 07821  LACE137424

**ORDER GRANTING MOTION
FOR ADMISSION PRO HAC VICE**

    The Court has before it the Motion for Admission Pro Hac Vice of David Christopher Flosi, an attorney licensed and a member in good standing in the State of Illinois. Pursuant to Iowa Code Section 602.10111 and Iowa Ct. R. 31.14, the Court FINDS that the Motion for Admission Pro Hac Vice should be granted.

    IT IS THEREFORE ORDERED that the Motion for Admission Pro Hac Vice of David Christopher Flosi is GRANTED and said attorney may appear in and conduct matters before the Court in the above-captioned action. The appearance of David Christopher Flosi in this action shall subject him or her to knowledge of and compliance with all State and Local Rules of Court, as well as the contempt and sanction powers of this Court.

ALL ABOVE IS SO ORDERED this 20th day of May, 2024.

The Clerk shall notify all self-represented litigants and attorneys of record.

                                                  7CV008

**Exhibit A-60**



State of Iowa Courts

**Case Number**          **Case Title**
LACE137424               HUESER MICHAEL VS QUEVEDO-BAIRES GLADYS
**Type:**                OTHER ORDER

So Ordered

Henry W. Latham II, District Court Judge,
Seventh Judicial District of Iowa

Electronically signed on 2024-05-20 09:25:14

**Exhibit A-61**

**Rule 31.25—Form 1:** *Application for Admission Pro Hac Vice--District Court*

## Iowa District Court for _____SCOTT_____ County

*County where your case is filed*

| | |
|---|---|
| NANCY HAYES, Personal Representative of the | Case no. _567821 LACE 138699_ |
| Estate of John Hayes, Deceased | |
| **Plaintiff(s)** | **Application for Admission** |
| *Full name: first, middle, last* | **Pro Hac Vice--District Court** |
| | Iowa Court Rule 31.14 |
| vs. | |
| DIANA M. SANTIAGO, DURHAM SCHOOL SERVICES, LP, | |
| and National Express, LLC | |
| **Defendant(s)** | |
| *Full name: first, middle, last* | |

### 1.  Application

The undersigned seeks permission to appear pro hac vice in the above-captioned proceeding.
*Applicant must complete all of the following:*
If this matter involves review of an agency action, did the applicant seek admission pro hac vice in
the proceedings below?  ☐ Yes  ☐ No
*If yes, attach copies of all related documents.*

a.  Applicant's full name, residential address, email address, and business address.

| | | | |
|---|---|---|---|
| Robert R. Duncan | rrd@duncanlawgroup.com | | |
| *Full name: first, middle, last* | *Email address* | | |
| 300 Bryant Ave | Glen Ellyn | IL | 60137 |
| *Mailing address* | *City* | *State* | *ZIP code* |
| 161 N. Clark St., Ste 2550 | Chicago | IL | 60601 |
| *Business address* | *City* | *State* | *ZIP code* |

b.  The name, address, and telephone number of each client to be represented.

NANCY  HAYES, Personal Represenative of the Esate of John Hayes, Deceased, 11 Roberts Ave.,
Davenport, IA 52803

c.  The courts before which the applicant has been admitted to practice and the
respective periods of admission and any jurisdiction in which the out-of-state lawyer
has been licensed to practice as a foreign legal consultant and the respective
period of licensure.

State of IL, 2002-present; Northern District of IL, 2002-present; Federal Court of Claims, 2007-present;
Northern District of IN, 2008-present; Eastern District of WI, 2009-present; Northern District of IL (Trial Bar),
2010-present; Seventh Circuit Court of Appeals, 2011-present; District Court of Nebraska, 2012-present.

d.  Has the applicant ever been denied admission pro hac vice in this state?

☐ Yes  ☒ No

## Exhibit A-62

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*, continued

*If yes, on a separate page specify the caption of the proceedings, the date of the denial, and what findings were made.  Attach copies of all related documents.*

e.  Has the applicant ever had admission pro hac vice revoked in this state?

☐ Yes   ☒ No

*If yes, on a separate page specify the caption of the proceedings, the date of the denial, and what findings were made.  Attach copies of all related documents.*

f.  Has the applicant ever been denied admission in any jurisdiction for reasons other than failure of a bar examination?   ☐ Yes  ☒ No

*If yes, on a separate page specify the caption of the proceedings, the date of the denial, and what findings were made.  Attach copies of all related documents.*

g.  Has the applicant ever been formally disciplined or sanctioned by any court in this state?   ☐ Yes   ☒ No

*If yes, on a separate page specify the nature of the allegations, the name of the authority bringing such proceedings, the caption of the proceedings, the date filed, what findings were made, and what action was taken in connection with those proceedings.  Attach copies of all related documents.*

h.  Has the applicant ever been the subject of any injunction, cease-and-desist letter, or other action arising from a finding that the applicant engaged in the unauthorized practice of law in this state or elsewhere?   ☐ Yes  ☒ No

*If yes, on a separate page specify the nature of the allegations, the name of the authority bringing such proceedings, the caption of the proceedings, the date filed, what findings were made, and what action was taken in connection with those proceedings.  Attach copies of all related documents.*

i.  Has any formal, written disciplinary proceeding ever been brought against the applicant by a disciplinary authority or unauthorized practice of law commission in any other jurisdiction within the last five years?   ☐ Yes   ☒ No

*If yes, on a separate page specify as to each such proceeding: the nature of the allegations, the name of the person or authority bringing such  proceedings, the date the proceedings were initiated and finally concluded, the style of the proceedings, and the findings made and actions taken in connection with those proceedings.  Attach copies of all related documents.*

j.  Has the applicant ever been placed on probation by a disciplinary authority in any other jurisdiction?   ☐ Yes  ☒ No

*If yes, on a separate page specify the jurisdiction, caption of the proceedings, the terms of the probation, and what findings were made.  Attach copies of all related documents.*

k.  Has the applicant ever been held formally in contempt or otherwise sanctioned by any court in a written order in the last five years for disobedience to the court's rules or orders?   ☐ Yes   ☒ No

*If yes, on a separate page specify the nature of the allegations, the name of the court before which such proceedings were conducted, the date of the contempt order or sanction, the caption of the proceedings, and the substance of the court's rulings.  Attach to this application a copy of the written order or a transcript of the oral ruling and other related documents.*

l.  Has the applicant filed an application to appear pro hac vice in this state within the preceding two years?   ☐ Yes  ☒ No

**Exhibit A-63**

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*, continued

*If yes, on a separate page list the name and address of each court or agency and a full identification of each proceeding in which an application was filed, including the date and outcome of the application. Attach copies of all related documents.*

m.  The applicant acknowledges familiarity with the rules of professional conduct, the disciplinary procedures of this state, the standards for professional conduct, the applicable local rules, and the procedures of the court before which the applicant seeks to practice.  ☒ Yes  ☐ No

n.  List the name, address, telephone number, email address, and personal identification number of an in-state lawyer in good standing of the bar of this state who will sponsor the applicant's pro hac vice request.

| Mark Churchill | AT0011272 | mchurchill@churchillfirm.com |
| --- | --- | --- |
| *Lawyer's name* | *PIN* | *Email address* |

| 1610 Fifth Ave. | Moline | IL | 61265 |
| --- | --- | --- | --- |
| *Lawyer's address* | *City* | *State* | *ZIP code* |

o.  The applicant acknowledges that service upon the in-state attorney in all matters connected with the proceedings will have the same effect as if personally made upon the applicant.  ☒ Yes  ☐ No

p.  If the applicant has appeared pro hac vice in this state in five proceedings within the preceding two years, the applicant must, on a separate attached page, provide a statement showing good cause why the applicant should be admitted in the present proceeding.

q.  On a separate attached page the applicant must provide any other information the applicant deems necessary to support the application for admission pro hac vice.

r.  Has the applicant registered with the office of professional regulation and paid the fee as required by Iowa Court Rule 31.14(11) within five years of the date of this application?  ☒ Yes  ☐ No

**Lawyer's Oath and Signature and Certificate of Service on next page**

**Exhibit A-64**

Rule 31.25—Form 1: *Application for Admission Pro Hac Vice--District Court*, continued

## 2. Oath and Signature

I, ___Robert R. Duncan_____, have read this Application, and I certify under
    *Print your name*

penalty of perjury and pursuant to the laws of the State of Iowa that the preceding is
true and correct.

| February | 13 | , 20 25 | |
|---|---|---|---|
| *Signed on:*   *Month* | *Day* | *Year* | *Your signature\** |

161 N. Clark Street, Suite 2550 _____     Chicago _____   IL ____   60601 ____
*Mailing address*            *City*          *State*    *ZIP code*

( 312 ) 202-3283     rrd@duncanlawgroup.com _____      _____
*Telephone number*       *Email address*         *Additional email address, if applicable*

\* *If filing in paper, you must handwrite your signature on this form. If filing electronically, you may handwrite your signature
on the form, scan the form, and then file it electronically, or, you may affix a digitized signature and file the form
electronically.*

### Certificate of Service

The undersigned certifies a copy of this application was served on the following parties:

on the _____ day of _____, 20_____
                   *Month*       *Year*

by ☐ Personal delivery    ☐ Deposit in the U.S. mail

_____
*Signature of server*

## Exhibit A-65